■ BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent, v NORMAN TREYBALL, Defendant, and NORMAN TREYBALL, JR., et al., Appellants. —

Appeal from an order of the Supreme Court, Kings County (Hirsch, J.), dated October 1, 1980, which confirmed an ex parte order of attachment against the appellants' bank accounts. Order affirmed, without costs or disbursements. On the record before us Special Term acted properly in confirming the ex parte attachment order against the appellants' bank accounts. The facts demonstrate that defendant, upon the receipt of more than $8,000 in pension benefits, and with the intent to defraud his creditors, placed $5,800 of this sum in bank accounts in the names of his two teenage sons, the appellants herein. The plaintiff presented facts which amply demonstrated the grounds for the attachment, the need for the continuing levy and the probability that it would succeed on the merits in its action against the defendant to recover damages for, *inter alia*, fraud and conversion (see CPLR 6211, subd [b]; 6223, subd [b]). The appellants' argument that the proceeds of the defendant's retirement contribution are exempt from attachment is without merit. The exemption only applies to the funds while in the possession of the trustees of the fund or, at most, while in the possession of the beneficiary. However, the rule exempting the funds from attachment cannot be read to apply to the funds once they have been transferred to third parties (see *Helmsley-Spear, Inc. v Winter*, 74 AD2d 195, 197, affd 52 NY2d 984; see, also, *National Bank of North Amer. v International Brotherhood of Elec. Workers Local No. 3, Pension & Vacation Funds*, 69 AD2d 679). Special Term was in error when it concluded that the appellants should have proceeded by way of a motion to vacate the order of attachment pursuant to CPLR 6223. CPLR 6211 (subd [b]) makes it mandatory that the plaintiff move within five days after the levy, upon notice to the defendant as well as to the garnishee, for an order confirming an ex parte order of attachment. In addition, the section states that upon the motion, the provisions of CPLR 6223 (subd [b]) shall apply. The latter section puts the burden of proof of establishing the propriety of the attachment upon the plaintiff. By establishing such a procedure, CPLR 6211 (subd [b]) affords a garnishee the opportunity to contest and vacate an ex parte order of attachment. We have considered the other arguments raised by the appellants and find them to be without merit. Damiani, J. P., Titone, Mangano and Weinstein, JJ., concur.